UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER K. JONES, | ) | 1:07-CV-00513 OWW NEW (DLB) HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS; OBJECTIONS OR |
| | ) | AMENDED PETITION DUE THIRTY DAYS |
| IVAN D. CLAY, | ) | FROM DATE OF SERVICE |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On November 7, 2006, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. By order of the Court dated April 2, 2007, the action was transferred to the Fresno Division. In the petition before the Court, Petitioner appears to challenge the execution of his sentence by the California Department of Corrections ("CDC").

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

1         to notify the petitioner.

2 The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
3 habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
4 dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be
5 dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded
6 were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

7 B.  Failure to State a Cognizable Federal Claim

8         The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of
9 Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless
10 he is "in custody in violation of the Constitution."  See also Rule 1 to the Rules Governing Section
11 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of
12 habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v.
13 Rodriguez, 411 U.S. 475, 484 (1973).

14         The instant petition is completely deficient in that Petitioner fails to state a cognizable federal
15 claim for relief. Petitioner apparently claims his sentence is unauthorized; however, he fails to
16 explain why he believes this is so. He merely attaches various documents from the California
17 Department of Corrections. However, it is not the province of a federal habeas court to conduct an
18 independent review of the underlying state proceedings to determine what federal claims Petitioner
19 seeks to raise; the responsibility to assert a claim for relief unquestionably belongs to the petitioner.
20 See Adams v. Armontrout, 897 F.2d 332,333 (8th Cir. 1990) ("We do not believe that 28
21 U.S.C. § 2254 or the Section 2254 Rules require the federal courts to review the entire state record of
22 habeas corpus petitioners to ascertain whether facts exist which support relief."); Bernier v. Moore,
23 441 F.2d 395, 396 (1st Cir.1971) ("Habeas corpus is a special proceeding to right wrongs, not a
24 routine procedure to search for them, nor a means of requiring the federal courts to review, as a
25 matter of course, state proceedings."); Williams v. Kullman, 772 F.2d 1048, 1051 (2d Cir.1983)
26 ("Despite our firm conviction that the pleading requirements in habeas corpus proceedings should
27 not be overly technical and stringent, it would be unwise to saddle district judges with the burden of
28 reading through voluminous records and transcripts in every case.").

In addition, Petitioner must state his claim with sufficient specificity. <u>Hendricks v. Vasquez</u> 908 F.2d at 491-92; <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases states the petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner's vague and conclusory statement of his claim and his attachment of various CDC documents fails to meet this standard.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with leave to amend for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file an amended petition or file written objections with the Court. In the event he files an amended petition, he must entitled it "First Amended Petition" and provide the case number. Should he opt to file objections, the document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The District Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 9, 2007**                      **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE